UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                               **MEMORANDUM OPINION**
                                                    **AND ORDER**
                                            Crim. No. 17-253 (03) (MJD)

Timothy Alan Dulaney,                 Crim. No. 05-383 (DWF)

    Defendant.
_____

    Nathan H. Nelson, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Pro Se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 316]

**I.    Background**

Defendant pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, 280 grams or more of a mixture or substance containing a detectable amount of cocaine base and a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  On May 14, 2019, Defendant was sentenced to term of

imprisonment of 90 months, and 20 months imprisonment for a supervised release revocation in 05-cr-383, to run concurrently, and five years supervised release. He is currently serving his sentence at the Federal Correctional Institution in Milan, Michigan, and his release date is October 28, 2023.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief. In his motion

for compassionate release, Defendant failed to demonstrate that he has exhausted his administrative remedies.

To fully exhaust his administrative remedies, Defendant is required to submit a request to the Warden, and if his request is denied, he must appeal the Warden's decision through the BOP's Administrative Remedy Program, which is set forth in 28 CFR § 542.10 et seq.  This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his/her confinement.  Id. § 542.10(a) and (b).  Pursuant to these regulations, an inmate may first raise an issue informally.  Id. § 542.13(a).  If the inmate did not resolve the issue informally, he/she may then file a formal Request to the Warden.  Id. § 542.14.  If the inmate is not satisfied with the Warden's decision at this stage, he/she may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response.  Id. § 542.15(a).  Such an appeal must be filed on the appropriate form (BP-10).  Id.  Finally, the Regional Director's decision may be appealed by filing a BP-11 form with the Director of the National Inmate Appeals in the Office of the General Counsel.  Id.

In his motion, Defendant asserts he contacted prison staff about home confinement, but was told he didn't qualify because he is considered a high risk for reoffending. To exhaust administrative remedies however, Defendant must submit a request to the Warden and Defendant has not demonstrated that he made such a request, or that the Warden has not replied to his request within 30 days. Accordingly,

IT IS HEREBY ORDERED that this matter is stayed until such time as the Court is notified that Defendant has exhausted his administrative remedies.

Date: June 5, 2020

                                                s/ Michael J. Davis  
                                                Michael J. Davis  
                                                United States District Court